IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
SAFECO INSURANCE COMPANY OF )
AMERICA,                    )
                            )
     Plaintiff,             )
                            )      CIVIL ACTION NO.
     v.                     )       3:12cv537-MHT
                            )          (WO)
JENNIFER GOLDEN,            )
                            )
     Defendant.             )
```

OPINION

Plaintiff Safeco Insurance Company of America brought
this suit seeking declaratory judgment against defendant
Jennifer Golden.  Safeco seeks a judgment declaring that
it has no duty to defend or indemnify Golden against a
civil suit arising from her husband's molestation of a
minor in their home.  The jurisdiction of the court is
properly invoked pursuant to 28 U.S.C. § 1332
(diversity).

The matter is now before the court on Safeco's and
Golden's motions for summary judgment. For the reasons
that follow, Safeco's motion will be granted in part and

denied in part, Golden's motion will be granted in part and denied in part, and a show-cause order will issue.

## I.   SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II.   BACKGROUND

David and Stacey Bence and their minor daughter filed suit against Golden and her husband in state court,

alleging that, while the Bences' minor daughter was spending the night in their home for a sleep-over, Golden's husband removed the minor's clothing and took video and photographs of her body.  The lawsuit further alleges that on the night in question Golden left the Bences' daughter and other minors with Golden's husband and went out with her girlfriends.

The Bences' suit includes ten charges and names Golden in counts six through ten.[1]  Count six charges both Golden and her husband with loss of consortium of a minor child; count seven charges Golden with negligent failure to warn of dangerous premises; count eight alleges that Golden and her husband "conspired to do something that is unlawful, oppressive and/or immoral"; count nine charges Golden and her husband with felonious injury; and count ten charges Golden with negligent and wanton supervision of the Bences' minor daughter.  First Am. Compl. (Doc. No. 31-1).

_____

1.  Counts one through five name Golden's husband only.

Safeco issued to Golden and her husband a homeowners'
insurance policy that was in effect the night the Bences'
daughter was molested.  The insurance company agreed to
represent them against the Bences' civil suit under a
reservation of its right to argue that its policy does
not cover Golden and her husband for the suit's claims.
The policy provides for three exclusions to coverage of
personal liability and medical payments to others for
"bodily injury or property damage."  Policy (Doc. No. 1-
2) at 5.

The first exclusion precludes for loss or damage
"which is expected or intended by any <u>insured</u> or which is
the foreseeable result of an act or omission intended by
any <u>insured</u>."  <u>Id</u>. § 1(a) at 5.  (emphasis in original).
The policy provides that "this exclusion applies even if:
(1) such <u>bodily injury</u> or <u>property damage</u> is of a
different kind or degree than expected or intended; or
(2) such <u>bodily injury</u> or <u>property damage</u> is sustained by
a different person, or persons, than expected or

4

intended...” <u>Id</u>. (emphasis in original).   The second
exclusion precludes coverage for loss or damage “which
results from violation of criminal law committed by, or
with the knowledge or consent of any <u>insured</u>...”   <u>Id</u>. §
1(b) at 5 (emphasis in original). The third exclusion
precludes for loss or damage “arising out of physical or
mental abuse, sexual molestation or sexual harassment.”
<u>Id</u>. § 1(k) at 7.

   In this case, Safeco asserts that it has no duty to
defend and indemnify Golden because the underlying
conduct falls within the above three policy exclusions.
Golden argues that the existence of a severability clause
in the Safeco policy renders these exclusions
inapplicable to her.   The clause provides: “This
insurance applies separately to each <u>insured</u>.   This
condition shall not increase our limit of liability for
any one <u>occurrence</u>.”   <u>Id</u>. at 11. (emphasis in original).

   Because Safeco has already secured a default judgment
precluding coverage for Golden’s husband, the case now

pertains exclusively to Safeco's duty to defend and indemnify Golden.

### III.   DUTY TO DEFEND

Safeco moves for summary judgment in its favor on the basis that  it has no obligation to defend and indemnify Golden against the Bences' civil lawsuit because the suit falls within one or more of the policy's exclusions. Specifically, the insurance company argues that the exclusions for intended actions, criminal actions, and sexual abuse apply to preclude coverage for the suit. Golden moves for summary judgment in her favor, arguing that none of these exclusions applies.

### A. Counts Six Through Nine

The parties do not dispute that Alabama law governs this diversity action.  The Alabama Supreme Court has already interpreted a policy provision excluding coverage for intended actions in the sexual-molestation context.

6

In <u>State Farm Fire and Casualty Company v. Davis</u>, 612 So. 2d 458 (Ala. 1993), the court addressed the question of an insurance company's duty to defend and indemnify its insureds--Jerry and Delores Davis--against a personal-injury lawsuit arising from Jerry's alleged molestation of several children.  The court answered the question by reference to a provision of the policy that excluded coverage for "bodily injury or property damage... which is either expected or intended by an insured."  <u>Id</u>. at 460.  It found that application of this exclusion to child-sex-abuse cases relieved the insurance company of the obligation to defend and indemnify the insured as a matter of law, because an intent to cause harm is inferred in child-molestation cases.[2]  <u>Id</u>. at 465. In doing so, it carved out a narrow exception to the general rule that the issue of "intent" is a subjective question

_____

2.    The court expressly included both the duty to defend and the duty to indemnify in its decision, finding the "two duties inseparable" in child-sex-abuse cases. <u>Davis</u>, 612 So. 2d at 465.  As a general rule, however, under Alabama law the duty to defend can be broader than the duty to indemnify.  <u>Id</u>.

7

reserved for a factfinder.  Id. at 464; see also Sphere
Drake Ins., P.L.C. v. Shoney's, Inc., 923 F. Supp. 1481,
1490 n. 7 (M.D. Ala. 1996) (Thompson, C.J.) (recognizing
"one narrow exception" to the subjective intent rule for
"cases of sexual abuse of children").

The sole difference between the policy exclusion in
Davis and the exclusion in this case is that the
exclusion in Davis used the term "an insured," 612 So. 2d
at 460, whereas the exclusion in Golden's policy refers
to "any insured."  However, the Davis court found that
"'an insured' unambiguously means 'any insured.'"  Id. at
466 (quoting Allstate Ins. Co. v. Freeman, 443 N.W.2d
734, 754 (Mich. 1989)).  Interpreting the policy thus,
the court ruled  it "exclude[d] coverage for Delores
Davis for harm directly attributable to the intentional
conduct of her husband, Jerry Davis."  Id.  In other
words, because her husband was also insured under the
policy, Delores Davis was not covered for damages arising
from her husband's intentional acts.  As the policy

provision at issue here refers to the intent of "any insured," it likewise could be read to exclude coverage for Golden for harm "directly attributable to the intentional conduct of her husband." The question is thus whether the Bences' lawsuit indeed seeks to recover from Golden for harm directly attributable to her husband's intentional conduct.

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." Ajdarodini v. State Auto Mut. Ins. Co., 628 So. 2d 312, 313 (Ala. 1993). "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." Chandler v. Alabama Mut. Ins. Co., 585 So. 2d 1365, 1367 (Ala. 1991) (internal quotations omitted). But, if the allegations show that no injury alleged is within the policy's

coverage, or if they are ambiguous, "the court is not limited to the bare allegations of the complaint ... but may also look to the facts which may be proved by admissible evidence."  Id.; see also Perkins v. Hartford Ins. Group, 932 F.2d 1392 (11th Cir. 1991).

The factual allegations in the Bences' complaint show that the majority of the claims against Golden derive from her husband's molestation of the Bences' daughter. Counts six through nine--loss of consortium, failure to warn of danger, conspiracy, and felonious injury--all claim damages stemming from the molestation.

Golden argues, however, that the existence of the Safeco severability clause in her homeowners policy means her husband cannot be considered "any insured." According to Golden, the severability clause means that "any insured" refers to her alone and thus excludes coverage for her intentional acts only.  She points out that the effect of a severability clause was not discussed in Davis and that Alabama has, in other

10

contexts, applied severability clauses in interpreting policy exclusions.

In United States Fire Insurance Company v. McCormick, 243 So.2d 367, 375 (Ala. 1970), superseded by statute on other grounds as stated in Reed v. Brunson, 527 So. 2d 102, 108 (Ala. 1988), the Alabama Supreme Court found that a severability clause in an employer's insurance policy "require[d] consideration of each insured separately, independently of every other insured whether named or an additional insured." As applied to an exclusion from coverage for injuries to "any employee of the insured," id. at 370, the court stated that the operation of the severability clause meant that the term "the insured" refers to only the individual person seeking coverage under the policy. Id. at 375. Therefore, where an employee of an insured corporation, who is insured under his corporation's insurance policy, is sued by a co-employee of the corporation, the insurance company must defend the employee against the

co-employee's suit unless the employee directly employs the co-employee.

There are three problems with extending <u>McCormick</u>'s interpretation of a severability clause to Safeco's policy.  First, as Safeco points out, <u>McCormick</u>'s interpretation was only in the context of an employment relationship.  While not dispositive, this fact does indicate that this court should tread cautiously  in this area.  Second, the severability clause in <u>McCormick</u> differs from the severability clause here because it explains the usage of the key term "insured."  The <u>McCormick</u> clause explains that, "the term 'the insured' is used severally and not collectively," <u>id</u>. at 373, while the Safeco clause simply states, "This insurance applies separately to each insured" without any obvious explanation of 'insured.'  Policy (Doc. No. 1-2) at 11.  Because the severability clauses are different, the application of the severability clause to the Safeco exclusion is less certain.  Moreover, as stated, the <u>McCormick</u> court applied the clause to an exclusion that

12

included the term "the insured," and the severability clause in that policy thus helped define that term. Here, the exclusion applies to the intentional acts of "any insured" but the severability clause does not necessarily define what is meant by "any insured." Third, the exclusion in <u>McCormick</u> refers to "the insured," and the court specifically noted that the word "insured" was, in that case, "unqualified." 243 So. 2d at 375. Here, on the other hand, the word "insured" is qualified by the word "any."

Nonetheless, other state courts have seen fit to interpret intentional-act provisions in tandem with severability clauses. In <u>Minkler v. Safeco Ins. Co. of America</u>, 49 Cal. 4th 315 (2010), the California Supreme Court interpreted the same Safeco severability provision at issue here in almost this same context and found that a mother was not excluded from coverage for a lawsuit alleging that she negligently supervised a minor in her home where the harm from the negligent supervision was directly attributable to her son's sexual molestation of

the minor.  Id. at 332-33.  The court held that, because
the severability clause made the exclusion ambiguous, the
clause should be interpreted in favor of the insured.
Id.  Other courts have reached a similar conclusion:
Shapiro v. American Home Assur. Co., 616 F. Supp. 900,
904 (D. Mass. 1984) (Keeton, J.) (applying severability
clause to policy exclusion for intentional acts and thus
interpreting "any insured" severally); Catholic Diocese
of Dodge City v. Rymer, 840 P.2d 456 (Kan. 1992) (same);
Worcester Mut. Ins. Co. v. Marnell, 496 N.E.2d 158 (Mass.
1986) (same).

But other courts have reached a different conclusion:
Standard Fire Ins. Co. v. Proctor, 286 F. Supp. 2d 567,
574 (D. Md. 2003) (Williams, J.) (finding that "any
insured" is unambiguous and that, regardless of
severability clause, exclusion for the intentional act of
"any insured" is collective); Allstate Ins. Co. v. Kim,
121 F. Supp. 2d 1301, 1308 (D. Haw. 2000) (Kay, J.)
("severability clause does not prevent an intentional
acts exclusion from barring coverage for the alleged

14

negligence of an intentional tortfeasor's coinsured");
Co-operative Insurance Companies v. Woodward, 45 A.3d 89,
94-95 (Vt. 2012) (rejecting Minkler and finding that
exclusion of coverage for loss caused by intentional acts
of "an insured" applied to both insureds under the
policy, despite existence of a severability clause, as
the exclusion was unambiguous); BP America, Inc. v. State
Auto Property & Cas. Ins. Co., 148 P.3d 832, 841 (Okla.
2005) (reviewing cases nationwide and finding that "most
courts addressing the issue of whether a severability
clause will render a clear and unambiguous exclusionary
provision doubtful determine that the clear language of
the exclusion must prevail"); Am. Family Mut. Ins. Co. v.
White, 65 P.3d 449, 456 (Ariz. 2003) ("Most courts that
have construed the phrase 'any insured' in an exclusion
have found that it bars coverage for any claim
attributable to the excludable acts of any insured, even
if the policy contains a severability clause.  We join
that majority."); Johnson v. Allstate Ins. Co., 687 A.2d
642, 645 (Me. 1997) ("An unambiguous exclusion is not

15

negated by a severability clause."); <u>Chacon v. Am. Family Mut. Ins. Co.</u>, 788 P.2d 748, 751-52 (Colo. 1990) ("any insured" provision "clearly and unambiguously expresses an intention to deny coverage to all insured when damage is intended or expected as a result of the actions of any insured," despite presence of severability clause).

This court, however, need not decide today whether, in light of the severability clause, Alabama state courts would interpret the intentional-act exclusion as excluding only those acts that Golden herself intended, because here the third exclusion clearly precludes coverage for Golden as to counts six through nine.[3] The third exclusion Safeco asserts as barring coverage is for harm "arising out of ... sexual molestation or sexual harassment." Policy (Doc. No. 1-2) § 1(k) at 7. Unlike the exclusions for intentional acts and criminal acts,

---

3.    Though it perhaps goes without saying, Safeco has no duty to defend Golden against counts one through five, as she is not named in those counts. <u>See</u> <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F. Supp. 1557, 1562 (M.D. Ala. 1996) (Thompson, J.).

this exclusion is unconditional and does not require that the molestation be committed by "any insured."  As this exclusion does not require that Golden herself molested the Bences' daughter, it is unaffected by the severability clause; the exclusion applies regardless as to who committed the molestation.  And it is clear from the face of the Bences' complaint that the damages alleged "arise out of" their daughter's molestation. See, e.g., Am. Compl. (Doc. No. 31-1) at ¶ 11 (alleging that "Kevin Golden, a sexual predator and child molester, entered the girls' bedroom and began molesting Jane Doe and taking the girl(s) clothes off" and claiming injuries from this action). Therefore, as to the duty to defend, the court will grant summary judgment in favor of Safeco and against Golden on counts six through nine.

## B. Count Ten

There remains one count from the Bences' lawsuit that requires discussion.  The Bences amended their complaint to include a new claim of negligent and wanton

17

supervision against Golden.  The new claim, count ten, alleges that Golden left the Bences' minor daughter after volunteering to supervise her and went out drinking with friends.  It further alleges that she was arrested for driving under the influence of alcohol and stayed the night in jail.  Most critically, the amended complaint specifies that the harm from this alleged conduct is independent from the actions of Golden's husband that night and "would exist absent any acts committed by Defendant Kevin Golden."  Am. Compl. (Doc. No. 31-1) at ¶ 73 n. 3.  As such, count ten does not derive from the intentional conduct of Golden's husband, but from the alleged negligent and wanton conduct of Golden. Therefore, the exclusion for intentional conduct does not apply to this allegation.  The coverage exclusions for harm resulting from criminal conduct and physical, mental, and sexual molestation are likewise inapplicable to count ten, and Safeco must defend Golden against this count.

18

Therefore, as to the duty to defend, this court will grant summary judgment in favor of Golden and against Safeco on count ten.


IV.   DUTY TO INDEMNIFY

It appears that Safeco's request for a declaration that it has no duty to indemnify Golden against an adverse judgment in the Bences' lawsuit is not appropriate for resolution.   Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 1557, 1565-66 (M.D. Ala. 1996) (Thompson, J.); Guaranty Nat. Ins. Co. v. Beeline Stores, Inc., 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996) (Thompson, J.).   It is still possible for the Bences to change the nature of the allegations against Golden and allege a theory of liability that is covered under the policy.   Indeed, they have already done so by adding count ten in the amended complaint.   Moreover, Golden could prevail in her defense against the Bences' suit, making this claim moot, in which case "[t]he time and effort the court and the parties would have put toward

19

resolving the issue would be wasted." Beeline Stores, 945 F. Supp. at 1515. It thus appears that "the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Id.

Summary judgment will therefore be denied to both Safeco and Golden on the insurance company's request for a declaration that it has no duty to indemnify Golden. However, because, as shown above, it appears that Safeco's indemnification claim is premature, the court will require that the parties show cause as to why this claim should not be dismissed without prejudice.

***

The court will therefore grant summary judgment in favor of Safeco and against Golden on the insurance company's duty to defend as to counts six through nine of the Bences' lawsuit; grant summary judgment in favor of Golden and against Safeco on the insurance company's duty to defend count ten; deny summary judgment as to both

Safeco and Golden on the insurance company's duty-to-indemnity claim; and issue a show-cause order as to why Safeco's duty-to-indemnify claim should not be dismissed without prejudice as premature.

An appropriate judgment will issue.

DONE, this the 20th day of August, 2013.

     /s/ Myron H. Thompson     
UNITED STATES DISTRICT JUDGE